UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
 )
    Plaintiff, )
 )
vs. ) Civil Action No. CV-97-S-876-NE
 )
UNITED STEELWORKERS OF )
AMERICA, AFL-CIO, CLC, as )
successor in interest to )
ALUMINUM, BRICK AND GLASS )
WORKERS INTERNATIONAL UNION, )
AFL-CIO, CLC, )
 )
    Defendants. )
 )

FILED
97 DEC 18 PM 4:13
[illegible stamp]

ENTERED
DEC 18 1997

MEMORANDUM OPINION

This action is before the court on Pocahantas Lyons' motion to intervene. Upon consideration of motions, briefs, and pleadings, this court concludes the motion is due to be granted.

I. BACKGROUND

A. First Charge of Discrimination

Pocahantas Lyons filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging violations of Title VII of the Civil Rights Act of 1964[1] by the defendant union[2] on July 29, 1988. Lyons, the defendant union, and the EEOC entered into a negotiated settlement agreement resolving Lyons' July 29, 1988 charge of discrimination in August of 1989. In return for Lyons and the EEOC agreeing not to file suit against the

---

[1] 42 U.S.C. 2000e et seq.

[2] That charge was made against the Aluminum, Brick and Glass Workers International Union, AFL-CIO, CLC (ABGWIU). This action is brought against United Steelworkers of America, AFL-CIO, CLC, as successor in interest to the ABGWIU.

union under Title VII, the union contracted to, *inter alia*:

a) Not penalize Pocahantas Lyons in any future consideration for wage increases, promotions, transfers or other employment related matters because of proceedings arising under the [1988 discrimination] charge;

b) Eliminate from Pocahantas Lyons' personnel record all documents and entries relating to the facts and circumstances which led to the filing of [the 1988 discrimination charge] and the related events which occurred thereafter other than [the negotiated settlement agreement].

(Plaintiff's Second Amended Complaint at 3-4, ¶ 6.) This court, by the terms of a judgment entered on August 16, 1991 in Civil Action No. CV90-N-02044-NE, directed the union to "continue to comply with the terms of the Negotiated Settlement Agreement signed ... in August, 1989..." (Plaintiff's Second Amended Complaint, Exhibit B at 2, ¶ 6.)

### B. Second Charge of Discrimination

Pocahantas Lyons filed a second charge of discrimination with the EEOC on December 16, 1994, alleging additional union violations of Title VII. The EEOC filed suit on April 9, 1997, alleging the union breached the negotiated settlement agreement in the following respects:

a) On June 19, 1994 the Union denied Pocahantas Lyons' request for a transfer from West Virginia back to her home base in the Defendant's Southern Region. Pocahantas Lyons was the person in line for the transfer under the Defendant's Union contract and prior practices.

b) The Defendant maintains documents and entries in Pocahantas Lyons' personnel record which are connected to events which occurred after and were related to the filing of her July 29, 1988 Charge of Discrimination.

(Plaintiff's Second Amended Complaint at 4, ¶ 7.) The EEOC asserts

2

claims of intentional race and gender discrimination by the union, retaliation for Lyons' previous opposition to discriminatory union practices, and breach of the negotiated settlement agreement.

Lyons now moves this court to intervene in the instant action pursuant to Rule 24(b) of the Federal Rules of Civil Procedure and the provisions of 42 U.S.C. § 2000e-5(f).

## II. DISCUSSION

Federal Rule of Civil Procedure 24(a) <u>requires</u> intervention in two circumstances:

(1) when a statute of the United States confers an unconditional right to intervene; or

(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Additionally, Rule 24(b) <u>permits</u> intervention, within the discretion of this court, in two circumstances:

(1) when a statute of the United States confers a conditional right to intervene; or

(2) when an applicant's claim or defense and the main action have a question of law or fact in common.

The plain language of Section 2000e-5 provides that "[t]he person or persons aggrieved <u>shall</u> have the right to intervene in a civil action brought by the [Equal Employment Opportunity] Commission...." 42 U.S.C. § 2000e-5(f)(1) (emphasis supplied).

Accordingly, defendant concedes Lyons' right to intervene in

3

the present action, to the extent she raises claims identical to those brought by the EEOC. (Defendant's Response to Pocahantas Lyons' Motion to Intervene at 1, ¶ 1.) What the defendant challenges, and what this court must decide, are the following: 1) whether Lyons' assertion of claims for breach of contract, fraud, and violation of § 1981 by way of intervention should be denied because those claims are beyond the scope of the EEOC's claims; 2) whether the absence of a timely EEOC charge for Lyons' post-1996 retaliation claim bars intervention; 3) whether Lyons' claims for violation of 42 U.S.C. §§ 1981 and 1981a are time-barred; and 4) whether Lyons' claims for fraud and breach of contract are preempted by 29 U.S.C. § 185.

### A. Are Lyons' Claims for Fraud, Breach of Contract, and Violation of § 1981 Barred as Beyond the Scope of the EEOC's Claims?

Even though "persons aggrieved" are statutorily entitled to intervene in EEOC lawsuits arising from their complaints, such intervention does not entitle the intervenor to bring all manner of claims against the defendant *via* intervention. The Seventh Circuit has stated as much: "The issues he could raise if he intervened here, however, would be necessarily limited to those concerning the circumstances of his complaint, and he could not introduce broader questions that were not raised by the facts of his case." *EEOC v. United Airlines*, 515 F.2d 946, 949 (7th Cir. 1995). The court is convinced that, in this case, Lyons' complaint in intervention does not "introduce broader questions ... not raised by the facts of [her] case."

4

Lyons' claims for breach of contract, fraud, and violation of § 1981 all arise from defendant's alleged refusal to honor the terms of the negotiated settlement agreement, and from defendant's alleged retaliatory refusal to transfer Lyons. The EEOC complaint seeks remedies for those actions as well, but not based on state law or § 1981; rather, the EEOC seeks remedies under Title VII only. Nevertheless, the facts underlying both the EEOC's and Lyons' claims are identical, and thus present numerous common questions of law and fact.

Moreover, discovery in the underlying action is not scheduled to be completed until February 18, 1998, and dispositive motions are not due until one month later. No prejudice will result to defendant by permitting Lyons to intervene in this action at this early stage. Resolution of both the EEOC's and Lyons' claims requires identical factual determinations. Accordingly, Lyons' state law and § 1981 claims are sufficiently within the scope of the EEOC's claims to permit intervention.

**B. Does the Absence of a Timely EEOC Charge Bar Assertion of Lyons' Post-1996 Retaliation Claim?**

Binding precedent establishes that "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge." *Gupta v. East Texas State University*, 654 F.2d 411, 414 (5th Cir. Unit A August 28, 1981)[3]; *see also Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir.

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

5

1989)("strict compliance with Title VII is unnecessary ... where the Plaintiff has filed a charge with the EEOC, but in her judicial action the Plaintiff raises related issues as to which no filing has been made"). Similar results have been reached by other circuits. *See Nealon v. Stone*, 958 F.2d 584 (4th Cir. 1992) (holding that retaliation claim may be raised for the first time in federal court); *Carter v. South Central Bell*, 912 F.2d 832 (5th Cir. 1990) (reasoning that because other Title VII claims were properly before court, jurisdiction existed over retaliatory termination claim as well), *cert. denied*, 501 U.S. 1260, 111 S. Ct. 2916, 115 L. Ed. 2d 1079 (1991); *Bouman v. Block*, 940 F.2d 1211 (9th Cir.) (holding that retaliation claim was "reasonably related" to prior sex discrimination claim), *cert. denied*, 502 U.S. 1005, 112 S. Ct. 640, 116 L. Ed. 2d 658 (1991); *Brown v. Hartshorne Public School District*, 864 F.2d 680 (10th Cir. 1988) (holding that retaliation arising out of first EEOC filing was "reasonably related" to that filing, obviating the need for a second EEOC charge); *Kirkland v. Buffalo Board of Education*, 622 F.2d 1066 (2d Cir. 1980) (holding that act of retaliation was "directly related" to plaintiff's initiation of litigation and that no second EEOC charge was necessary).

Moreover, the EEOC's complaint expressly encompasses Lyons' additional claim for retaliation: "Since at least June 19, 1994, the Defendant has engaged in unlawful employment practices [which] include ... retaliation." (Plaintiff's Second Amended Complaint at

6

5, ¶ 11.) Accordingly, this court finds that Lyons' failure to file an EEOC charge based on the post-1996 retaliation does not bar her assertion of that claim by way of intervention in the present action.

C.  **Are Lyons' Claims for Violation of 42 U.S.C. §§ 1981 and 1981a Time-barred?**

Defendant concedes that plaintiff may assert claims based on §§ 1981 and 1981a, so long as they do not violate the two-year statute of limitations which prevails in Alabama. (Defendant's Response to Pocahantas Lyons' Motion to Intervene at 2, ¶ 3.) Lyons "agree[s] that her Section 1981 claims are limited to acts which occurred no more than two years prior to May 1, 1997, the date of the filing of the [EEOC's] original complaint...." (Plaintiff-Intervenor Pocahantas Lyons' Reply to Defendant's Response to Lyons' Motion to Intervene at 4.) That complaint, however, did not raise a claim pursuant to §§ 1981 or 1981a. Such claims were first raised in Lyons' motion to intervene and her complaint in intervention, filed September 30, 1997. Accordingly, the court will permit Lyons to assert claims based upon 42 U.S.C. §§ 1981 and 1981a which relate to defendant's conduct occurring after <u>September 30, 1995</u>; Section 1981 claims based on conduct occurring before that date will not be permitted.

D.  **Are Lyons' Claims for Fraud and Breach of Contract Preempted by 29 U.S.C. § 185?**

Defendant's argument that Lyons' state law claims are preempted under 29 U.S.C. § 185 is persuasive. Yet, the precise

7

reach of Lyons' state law claims has not been determined at this early stage of the litigation. The discovery deadline remains several months away. Thus, it is unclear whether litigation of those claims will require interpretation of the collective bargaining agreement which underlies Lyons' relationship with the union, or will focus exclusively upon the parties' negotiated settlement agreement. Moreover, the issue of preemption has not been adequately briefed by either party. Accordingly, because the claims present common issues of law and fact, the court finds Lyons should be permitted to assert those claims at this juncture. Defendant may, however, reassert the issue of § 185 preemption at a later date.

### III. CONCLUSION

For the foregoing reasons, Pocahantas Lyons' motion to intervene is due to be granted. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

**DONE** this  _15th_ day of December, 1997.

United States District Judge

8